

# COPY

| STATE OF TENNESSEE 20TH JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER 16-0983-III |
|---|---|---|
| PLAINTIFF Susan Wade and Jeffrey Reid Meadows, Jr. | | DEFENDANT Amerian National Life Insurance Company |

TO:    (NAME AND ADDRESS OF DEFENDANT)

American National Life Insurance
c/o Commissioner of Insurance
500 James Robertson Parkway
Nashville, TN 37243

Method of Service:

- ☐ Certified Mail
- ☐ Davidson Co. Sheriff
- ☑ *Comm. Of Insurance
- ☐ *Secretary of State
- ☐ *Out of County Sheriff
- ☐ Private Process Server
- ☐ Other
    *Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) Connie Reguli Attorney 1646 Westgate Cir Ste 105 Brentwood TN 37027 615 661 0122 | FILED, ISSUED & ATTESTED **SEP - 2 2016** MARIA M. SALAS, Clerk and Master By:                 1 Public Square                      Suite 308                      Nashville, TN 37201 *Elaine Harper* Deputy Clerk & Master |
|---|---|

## NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | **Sheriff** |

***Submit one original plus one copy for each defendant to be served.**

⚡ADA Coordinator, Maria M. Salas (862-5710)

9/23/16

# Exhibit A

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) *Thru Commissioner of Insurance*

☒ Served 9|23|16 _____

☐ Not Served _____

☐ Not Found _____

☐ Other _____

DATE OF RETURN:

By: _____

Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____. On the _____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of _____, 20___. <br> Signature of _____ Notary Public or _____ Deputy Clerk <br><br> My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

    Mail list to: Clerk & Master
               1 Public Square
               Suite 308
               Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| | |
|---|---|
| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA M. SALAS, Clerk & Master <br><br> By: _____ <br>                             D.C. & M. |



COPY

IN THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

SUSAN WADE and
    JEFFREY REID MEADOWS, JR.

    Plaintiffs

v.                                          No. 16-0483-III
                                            Jury Demand

AMERICAN NATIONAL LIFE
    INSURANCE COMPANY

    Defendant

## PETITION FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT

Now comes plaintiffs, SUSAN WADE and JEFFREY REID MEADOWS, JR., by and through counsel and files this petition for declaratory judgment and breach of contract against the defendant, AMERICAN NATIONAL LIFE INSURANCE COMPANY, as follows:

1. The plaintiff, Susan Wade, is an adult resident of the State of Tennessee.

2. The plaintiff, Jeffrey Reid Meadows, Jr., is an adult resident of the State of Tennessee.

3. The defendant, American National Life Insurance Company, is believed to be a corporation organized under the laws of the State of Texas. Said insurance company may be served through the Tennessee Commissioner of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243-0565. TENN. CODE ANN. § 56-2-103.

4. Venue is proper in Davidson County, Tennessee, since this is a transitory action and the defendant is to be served through the Commissioner of Insurance whose place of business is Davidson County. TENN. CODE ANN. § 20-4-101.

1

## FACTS

5. Jeffrey R. Meadows, whose date of birth is July 26, 1956, died on May 13, 2016. At the time of his death, he had a valid contract with the Defendant life insurance company for proceeds to be paid upon his death to the named beneficiary. EXHIBIT A

6. At the time of his death, plaintiffs, Susan Wade and Jeffrey Reid Meadows, Jr., was the named beneficiaries to the insurance contract. EXHIBIT B

7. Prior to the filing of this complaint, plaintiffs had multiple contacts with defendant insurance company to make a claim on the proceeds of the life insurance contract. And defendant insurance company has failed to pay without explanation or excuse.

8. On August 25, 2016, counsel wrote a letter to defendant insurance company seeking an explanation as to what grounds the insurance company had for failure to pay. Defendant insurance company has failed to provide a response to this letter. On August 30, 2016, counsel made a phone call to defendant insurance company who failed to provide a specialist to address the problem. EXHIBIT C

9. Under information and belief, defendant insurance company has been contacted by the wife of the decedent, Elizabeth Meadows, who is making a claim on the life insurance proceeds in protest of the beneficiary form which names the plaintiffs as beneficiaries. EXHIBIT D

10. On August 25, 2016, a letter was sent to counsel for the wife of the decedent and instructed her to withdraw her demand for payment from the insurance company. Instead of doing so, the widowed wife's counsel rushed to the Shelby County Chancery Court and filed a "Complaint for unjust enrichment and equitable claims for creation of constructive trust." EXHIBIT E

11. In essence, the widowed wife claims that the decedent's change of beneficiaries during the pendency of a divorce that was never prosecuted renders the contract with the insurance company void or voidable. This is simply not the case. The temporary restraining order is rendered moot as of the filing of the dismissal of the divorce action and therefore, the widowed wife can make no claim against the legally executed change of beneficiary form completed by the decedent.

12. This complaint is without merit and is not supported by proper authority. In addition, the plaintiff failed to attached the references not reported in the officer reporter by referring to a case from the *Middle District Court, i.e. Brake v. Metro. Life Ins. Co.* 2010 U.S. Dist. LEXIS 64044 (M.D. Tenn. June 25, 2010)

13. In accordance with TENN. CODE ANN. § 56-8-105, American National Life Insurance is subject to bad faith for failing to pay the policy benefits within 60 days of demand pursuant to the policy terms. Therefore, the plaintiffs are entitled to the statutory 25 percent penalty allowed by TENN. CODE ANN. § 56-7-105.

14. Further, there is no just or legal cause for which American National Life Insurance can withhold the payment of the funds to the named beneficiaries.

15. The failure to comply with the terms of the contract are willful, reckless, and malicious on the part of American National Life Insurance and punitive/exemplary damages should be charged against them to the benefit of the plaintiffs.

## DECLARATORY JUDGMENT

16. In the event is become necessary as part of this proceeding, the plaintiff seeks declaratory relief from this Court pursuant to TENN. CODE ANN. § 29-14-101 *et seq.* for a determination of the rights of the plaintiffs under the contract described herein.

3

S:\doc 1-z\wade-m 6-01188\Pleadings Davidson 2016 Susan\0000-caption chancery.docx

PREMISES CONSIDERED, the plaintiffs pray:

1. This complaint be filed against the defendant and served through the Commissioner of Insurance.

2. That the defendant be required to answer as established by law.

3. That a jury of six persons hear this cause.

4. That the defendant be found to have breached the life insurance contract of the decedent Jeffrey R. Meadows.

5. That the defendant be found to have acted in bad faith providing for a 25% penalty as allowed by law.

6. For punitive damages against the defendant.

7. For attorney's fees, costs, and other such damages as deemed appropriate by the Court.

This is the _31_ day of AUGUST 2016.

Respectfully submitted,

Connie Reguli #016867
Megan Woodson Miller #026673
*Attorneys for plaintiffs*
**LawCare- Family Law Center, P.C.**
1646 Westgate Circle, Ste 101
Brentwood, TN 37027
615-661-0122
615-661-0197 FAX

PART I—APPLICATION FOR LIFE INSURANCE
AMERICAN NATIONAL INSURANCE COMPANY
ONE MOODY PLAZA
GALVESTON, TEXAS 77550-7999

**AMERICAN NATIONAL**

0007752

## 1. PROPOSED INSURED

| a. Last Name | First Name | M.I. | b. Birth State/Birth Place | c. Age | d. Sex | e. Marital Status: |
|---|---|---|---|---|---|---|
| Meadows | Jeffrey | R | TN / Memphis | 48 | Male | ☒ Mar. ☐ Sep. ☐ Sing. ☐ Wid. ☐ Div. |

| f. Date of Birth Mo./Day/Yr. | g. Height and Weight | h. Social Security Tax ID No. | i. Has proposed insured used tobacco in any form during the past twelve months? ☐ Yes ☒ No |
|---|---|---|---|
| 7/26/56 | 6' 210 lbs | 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 | |

| j. Residence Address | k. County | l. Home Phone | n. Former Address (Past 2 yrs.) |
|---|---|---|---|
| No. & Street 6602 Corsica | Shelby | (901) 529-0308 | 655 Riverside Dr |
| City, State Memphis TN ZIP 38120 | | m. How long at this address 1 wk | Memphis, TN 38103 |

| o. Occupation - Job title/duties (Be specific) | p. Employed by and kind of business |
|---|---|
| Dentist | Self-Employed |

| q. Business Address No. & Street 4700 Poplar Ste 410 | r. Phone (901) 767-0507 City/State Memphis, TN ZIP 38117 | s. Date of employment Month Jan Year 1983 |
|---|---|---|

## 2. ADDITIONAL PERSON PROPOSED FOR INSURANCE

| a. Last Name | First Name | M.I. | b. Birth State/Birth Place | d. Age | e. Sex | f. Marital Status: |
|---|---|---|---|---|---|---|
| | | | | | | ☐ Mar. ☐ Sep. ☐ Sing. ☐ Wid. ☐ Div. |

| | c. Relationship |
|---|---|

| g. Date of Birth Mo./Day/Yr. | h. Height and Weight | i. Social Security Tax ID No. | j. Has additional insured used tobacco in any form during the past twelve months? ☐ Yes ☐ No |
|---|---|---|---|

l. Occupation Job title/duties (Be specific)

| k. Residence Address No. & Street | | m. Employed by and kind of business | n. Date of employment Month _____ Year _____ |
|---|---|---|---|
| City/State ZIP | | | |

## 3. OWNER (if other than Proposed Insured)

| a. Last Name | First Name | M.I. | b. Age | c. Relationship | d. Social Security Tax ID No. |
|---|---|---|---|---|---|

| e. Residence Address No. & Street | f. CONTINGENT OWNER (if any) Name, relationship |
|---|---|
| City, State ZIP | |

## 4. BENEFICIARY—First

| a. Name | Relationship | Age | Second Beneficiary b. Name | Relationship | Age |
|---|---|---|---|---|---|

## 5. CHILDREN PROPOSED FOR INSURANCE:

| a. Last Name | First Name | M.I. | b. Date of Birth Mo./Day/Yr. | c. Age | d. Sex | e. Relationship to Prop. Ins. | f. Height & Weight |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| g. Has the name of any child under age 18 been omitted? ☐ Yes (Explain) ☐ No | h. Is any child not living at the same address with the Prop. ☐ Yes (Explain) ☐ No |
|---|---|

Form 9291

**A**

**6. COMPLETE FOR UNIVERSAL LIFE PLANS**

a. Plan of Insurance    b. Specified Amount

Advocate UL    $ 250,000

c. Death Benefits Options–Elect One ☐ Option A ☒ Option B

d. Optional Benefits

1. ☐ Waiver of Minimum Premium ............ $ _____
2. ☐ Accidental death benefit ............ $ _____
3. ☐ Children's Term Rider ............ $ _____
4. ☐ Spouse's Term Rider ............ $ _____
5. ☐ Guaranteed Increase Option ............ $ _____
6. ☐ Other _____ ............ $ _____

e. Planned Periodic Premium ............ $ 130.00

f. Single Premium or Lump Sum Deposit ..... $ _____

**7. FOR VARIABLE LIFE ONLY**

a. Select One or More Funds and Indicate Allocation

☐ Money Market _____ %   ☐ Managed _____ %
☐ Growth _____ %   ☐ _____ %
☐ Balanced _____ %   ☐ Total (must equal 100%) _____ %

b. SUITABILITY FOR VARIABLE LIFE ONLY    Yes  No

Do you understand that the death benefit and
cash value may increase or decrease depending
on the investment return of the contract?    ☐  ☐

Do you believe that this contract will meet your
insurance needs and financial objectives?    ☐  ☐

Did you receive the appropriate Fund Prospectus?    ☐  ☐

**8. COMPLETE FOR TRADITIONAL PLANS**

a. Plan of Insurance    b. Face Amount

_____    $ _____

c. Additional Benefits by Rider:

☐ Acc. Death $ _____    ☐ Premium Refund
☐ Dis. P.W.    ☐ CTR
☐ Dis. P.W. both insureds    ☐ SLT
☐ AIO $ _____    ☐ Term Rider Plan
☐ Premium Payer
(complete form 614)    Amt. $ _____
☐ Other (specify)    ☐ Annuity Rider
_____    _____

d. Premium:
Life $ _____    Annuity $ _____

e. If all proposed insureds are acceptable risks on a nonrated
basis, but the premium quoted will not purchase the face amount
requested:

☐ Do not change premium; change face amount
☐ Do not change face amount; change premium

f. Dividend Option for Participating Plan Only:

☐ Cash (Option 1)    ☐ Accumulations (Option 4)
☐ Premium Reduction (Option 2)    ☐ One-Year Term (Option 5)
☐ Paid-Up Additions (Option 3)

g. Automatic Premium Loan elected    ☐ Yes   ☐ No
(In Rhode Island APL is required unless elected otherwise)

**9. PREMIUM DATA**    Amount Paid with Application $ 130

a. Mode    b. Mailed

☐ Ann.    ☐ Direct - name and address where premium notices to be sent if other than insured's.
☐ S.A.    _____ City _____ State _____ Zip _____
☐ Qtr.    ☒ PAC - (Submit form #2011 and Voided Check)
☒ Mo.    ☐ Franchise - Name _____ Number _____
☐ Sing. Prem.    ☐ Gov't Allotment - Payee Name _____

Allotment Type ☐ A ☐ B ☐ C ☐ D  Rank _____ Branch _____ Soc. Sec. No. _____

Special Dating Instructions: Issue Age _____   Issue Date _____

**10.** a. Total Insurance/Annuities in Force On Proposed Insured(s). If none in force indicate "NONE."

| Full Name of Company | Policy No. | Issue Date | Insured's Name | Plan | Amount | Acc. Death | Dis. Inc. | See "b" below |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |

b. Will the insurance or annuity applied for replace or use cash values of any existing insurance or annuity policy issued by any company? If "Yes," indicate which one(s).    Yes ☐  No ☒

**11.** Has any proposed insured ever applied for life, accident or health insurance or for reinstatement of any such insurance which was declined, postponed, cancelled or withdrawn or modified as to plan, amount or rate? If, "Yes," give details.    ☐  ☒

**12.** Has any proposed insured in the last six (6) months, applied for or do they contemplate applying for other insurance with this or any other company? If "Yes," state how much, to whom and when.    ☐  ☒

**13.** Has any proposed insured, in the past five (5) years, made or now contemplate making flights as a pilot, student pilot, crew member, or observer? If "Yes," complete and submit appropriate questionnaire.    ☐  ☒

**14.** Has any proposed insured ever engaged in or do they intend to engage in, any hazardous avocation or sport, such as skin diving, parachuting, hang gliding, vehicle racing, or other hazardous avocation(s)? If "Yes," complete and submit appropriate questionnaire.    ☐  ☒

PART II MEDICAL INFORMATION
AMERICAN NATIONAL INSURANCE COMPANY

0007752

**15.** Family Physician, Specialist, or Clinic for:

a. Proposed Insured ~~Jeff Edmonds~~ Fred Pelz, MD
Name
Address 6005 Park
Date Last Seen Feb. 2005 Tel. 901-684-1325
Reason Physical

b. Additional Person Proposed for Insurance
Name
Address
Date Last Seen _____ Tel. _____
Reason

**16.** HAS ANY PROPOSED INSURED(S):

| | | YES | NO |
|---|---|---|---|
| a. | Any abnormality, deformity, disease or disorder or presently receiving treatment or taking medicine of any kind? | ☐ | ☒ |
| b. | Ever had a surgical operation or been advised to have an operation which was not performed? | ☐ | ☒ |
| c. | Ever had an X-ray, electrocardiogram, blood or urine test or other laboratory test? If "yes," state why, when, where, and by whom. Physical | ☒ | ☐ |
| d. | Ever made claim for or received any insurance benefit, compensation or pension, government or otherwise, on account of an injury or sickness? | ☐ | ☒ |
| e. | Ever had any impairment of sight or hearing? | ☐ | ☒ |
| f. | Ever been under observation or treatment in any hospital, sanitarium, clinic or rest home? | ☐ | ☒ |
| g. | Ever received counseling or treatment regarding the use of alcohol or drugs? | ☐ | ☒ |

| | | YES | NO |
|---|---|---|---|
| h. | Ever used barbiturates, amphetamines, hallucinatory drugs, heroin, opiates or other narcotics, except as prescribed by a physician? | ☐ | ☒ |
| i. | Ever had or been treated for high or low blood pressure, chest pain or for sugar in the urine; or for cancer in any form? | ☐ | ☒ |
| j. | Ever been told he or she had an Immune Deficiency Disorder, AIDS, the AIDS Related Complex (ARC) or test results indicating exposure to the AIDS virus? | ☐ | ☒ |
| k. | Consulted or been treated or examined by any physician or practitioner for any cause not previously mentioned in this application? | ☐ | ☒ |
| l. | Are all Proposed Insured(s) now in good health? | ☒ | ☐ |
| m. | If any Proposed Insured is less than one year old, give birth weight ____ lb. ____ oz. Was birth considered premature? | N/A | |

**17.** Give full details below of all "Yes," answers to question 16 a-k & m and if answer is "No" on 16 l.

| Person | Question number | Reason, condition disease, or injury, etc. | Date | Degree of recovery | Name and address of attending physician (Street, City, State) |
|---|---|---|---|---|---|
| Self | c | Physical | 11/04 | Complete | Fred Pelz, MD 6005 Park Memphis TN 38119 |

## APPLICATION DECLARATIONS & AGREEMENTS

It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines and denial of insurance benefits.

Each of the undersigned declares for themselves, and all other interested parties, that all of the answers in the 3 pages of this application and any supplements to it are full, complete and true to the best of their knowledge and belief. They also agree that: (1) these answers as written, (i) were given to the Company to issue a Policy; and (ii) shall form the basis for and become a part of any Policy issued on this application; (2) except as otherwise provided in the Conditional Receipt with the same serial number as this application, no Policy will be effective until it is (i) issued; (ii) delivered to the applicant and (iii) the full first premium paid, all during the lifetime and good health of the Insured(s); (3) the Company may issue a Policy different from that specified in this application by listing the difference(s) on the Policy Data Page, and acceptance of such different Policy will be a ratification of the changes except that no change in: (i) amount of insurance; (ii) classification; (iii) plan of insurance; or (iv) benefits, will be effective unless agreed to by the Applicant in writing; (4) the Company is not bound by any statements made by anyone or any other facts known to any one concerning any proposed Insured(s) if not in writing in this application or any supplement to it; and (5) only the President or a Vice President or Secretary of the Company has the authority to waive any of the Company's rights or requirements or to waive or alter any of the provisions of: (i) this application; or (ii) any Policy issued on this application.

Dated at Memphis TN
City State
this 19th day of April 2005

Signature of Proposed Insured (if age 16 or older) _____

Signature of Additional Person Proposed for Insurance _____

Witnessed by _____
Signature of Licensed Agent

Print Agent's Name Michael Cleland

Signature of Owner or Premium Payer _____

State License Number 863419

### SIGNATURE REQUIRED IF CONDITIONAL RECEIPT TO BE DETACHED

I hereby certify that I have read and received the Conditional Receipt, and agree to its terms. I understand that the Company will not permit acceptance of any deposit or detachment of the Conditional Receipt unless this statement is true.

X _____
Signature of Proposed Insured (if age 16 or older)

Signature of Premium Payer _____

RECEIVED
APR 16 2007
LIFE INS SERV

PSD

American National Insurance Company
American National Life Insurance Company of Texas

REQUEST AND AGREEMENT FOR CHANGE OF BENEFICIARY, METHOD OF
SETTLEMENT — CHANGE OF NAME

IMPORTANT NOTICE
RETURN THE ENCLOSED POLICY OR REQUESTED
CHANGE TO: (Please Print)

Name of Policyowner

Address

City                State                ZIP

Indicate if this policy is received for Bid Requested
Change    ☐    Yes    ☐    No

INSURED'S                                 INSURED'S
POLICY NUMBER 005 44 840  SOCIAL SECURITY #

INSURED'S
NAME      Jeff L. Meadows

AMERICAN NATIONAL, Galveston, Texas, is requested to change the above policy as described below. If any beneficiary designation is shown on this request, all previous beneficiary designations and methods of settlement of the proceeds payable upon death of the insured person named above are revoked, and the following beneficiary designation is to be made in accordance with the conditions and agreements and contained in said policy. ALL PROCEEDS, INCLUDING FAMILY INCOME OR INCOME PROTECTION BENEFITS, IF ANY, SHALL BE PAID IN A SINGLE SUM UNLESS OTHERWISE ELECTED HEREIN.

BENEFICIARY DESIGNATION          FULL LEGAL NAME          SSN or TAX ID     RELATIONSHIP     AGE

Primary beneficiary   Susan B. Meadows    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   daughter   16

Address

Method of settlement, if other than single sum      50 %

Secondary beneficiary   Jeffrey R. Meadows   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    son    13

Address

Method of settlement, if other than single sum     50 %

Contingent beneficiary

Address

Method of settlement, if other than single sum

GENERAL PROVISIONS

FOR IRREVOCABLE BENEFICIARY ONLY

WAIVER OF POLICY PROVISIONS

PLEASE DO NOT SEND THE POLICY UNLESS REQUESTED BY THE COMPANY

CHANGE OF NAME (ONLY)    DO NOT WRITE A SECTION TO CHANGE THE OWNER OR BENEFICIARY. USE ONLY TO INDICATE A LEGAL
NAME CHANGE BY MARRIAGE, DIVORCE, ADOPTION, ETC., OR TO CORRECT SPELLING ERRORS OR OMISSIONS.

FOR AGENCY OFFICE USE

SUBMITTED BY (COMPANY)

POLICY CODE:

DATE      5-4-07

B



**LAW** *care*

FAMILY LAW CENTER
1646 Westgate Circle Suite 101
Brentwood, Tennessee 37027
615-661-0122
Fax 615-661-0197
*www.TennFamilyLaw.com*

August 25, 2016

American National Insurance
Claims Department
800-615-7372
Fax: 281 538 6757

RE: # U0544860 – Jeffrey R. Meadows, Sr. Dob: July 26, 1956, SSN ending 8842
Claim form submitted by Susan Wade and Jeffrey Reid Meadows, Jr.

Dear Sirs,

I have been retained by Susan Wade and Jeffrey Reid Meadows, Jr. to secure the life insurance proceeds on the above named policy in the amount of $250,000.

You have already acknowledged receipt of the executed claim form and funds have not been released.

I understand that you may also have a claim filed by Elizabeth Meadows through her counsel: Lynn W. Thompson at Apperson Crump, 6070 Poplar Ave., Ste 600, Memphis, TN 38119-3954. Her phone number is: 901 756 6300; and Fax 901 757 1296.

I have reviewed the communication from Ms. Thompson dated August 3, 2016 to Ms. Wade and Dr. Meadows claiming that the beneficiary form is void in that Mr. Jeffrey Meadows may have executed the "change of beneficiary" form while under a restraining order in a divorce action that was dismissed for lack of prosecution in 2012.

Ms. Thompson offered no legal authority for her conclusion and it is our position that her continued interference with the payment of the life insurance proceeds is unwarranted.

There is also recent communication from Ms. Thompson that she spoke to a "Senior Claims Specialist" (letter dated August 24, 2016) but she failed to give a name, leading me to assume that she did not want Ms. Wade or Dr. Meadows to have access to this person.

Any instructions your company has received from Ms. Elizabeth Meadows or Ms. Lynn Thompson to delay payment of the life insurance proceeds is a direct interference with the rights

S:\doc l-z\wade-m 6-01188\160825-let ins.docx

of my clients. I will notify Ms. Thompson via letter along with a copy of this communication to cease and desist.

In her communication, she suggested that American National was positioned to interplead the life insurance proceeds into Federal Court or a "state court in Shelby County, Tennessee." Please be advised that my clients oppose the deposit of the funds in Court and that any action initiated against a life insurance company must go through the Commissioner of Insurance and the proper venue is Davidson County, Tennessee.

Since my clients are the beneficiaries of a valid beneficiary form, we oppose the deposit of the funds with any court and assert that if you do not valid reason for non-payment to the recipient intended, you should forward the total amount of the life insurance proceeds to my office, payable to my escrow account.

My clients do not intend to be responsible for any attorney fees to the life insurance company.

I look forward to your response.

Sincerely,

Connie Reguli

CC:
Lynn Thompson, Attorney at Law

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ENTERED
FEB 09 2012
M.B.

JEFFREY REID MEADOWS

    Plaintiff(s),

v.

    No.  CH-06-1845
    Part I

ELIZABETH LANDESS MEADOWS

    Defendant(s),

## ORDER DISMISSING CAUSE FOR LACK OF PROSECUTION

    UPON MOTION OF THE CLERK AND MASTER TO DISMISS THIS CAUSE FOR LACK OF PROSECUTION, and for good cause shown, the cause is hereby dismissed, without prejudice, and the costs are adjudged against the plaintiff and the surety on any cost bond, for which let execution issue.

    ALL OF WHICH IS ORDERED, ADJUDGED AND DECREED.

_____
Walter L. Evans, Chancellor

_____
02/09/12
Date

I hereby certify that I have mailed a copy of this Order to all interested parties' attorneys of record.

    Dewun R. Settle
    Clerk & Master



**LAW** *care*
FAMILY LAW CENTER
1646 Westgate Circle Suite 101
Brentwood, Tennessee 37027
615-661-0122
Fax 615-661-0197
*www.TennFamilyLaw.com*

August 25, 2016

Lynn W. Thompson
Apperson Crump
6070 Poplar Ave., Ste 600
Memphis, TN 38119-3954
901 756 6300
Fax 901 757 1296

RE: # U0544860 – Jeffrey R. Meadows, Sr. Dob: July 26, 1956, SSN ending 8842
Claim form submitted by Susan Wade and Jeffrey Reid Meadows, Jr.

Dear Ms. Thompson,

I have been retained by Susan Wade and Jeffrey Reid Meadows, Jr. to secure the payment of the life insurance proceeds from the policy on their father's life.

I have reviewed your letters of August 3, 2016 and August 24, 2016 and find your argument that the beneficiary form is "void" without merit.

The statutory restraining order does not render the execution of the beneficiary form void. First, the proper remedy for violation of a restraining order is a petition for contempt under the action in which the restraining order was issued. This is impossible, because the divorce action was dismissed for failure to prosecute which rendered any interlocutory order issued pursuant to the divorce vacated. Therefore, you do not have a restraining order under which you can pursue relief. Second, the divorce action is a personal action against Mr. Jeffrey Meadows, Sr. and since he has passed away, the divorce action is automatically abated by death. Finally, you can show no injury to Ms. Elizabeth Meadows while the divorce action was pending.

You have NO basis for interfering with the payment of the life insurance proceeds to the named beneficiaries, Susan Wade and Jeffrey Reid Meadows, Jr. Your continued attempts to interfere with the payment of the insurance proceeds amounts to intentional interference with the contractual/business relationship between my clients and the insurance company.

S:\doc l-z\wade-m 6-01188\160825-letter ins - oc.docx

Your letter dated August 24, 2016 states that you spoke to a "Senior Claims Specialist" and yet you failed to provide a name and contact number so that my clients could confirm the information you received. I believe that you failed to do so because the insurance representative conveyed to you that there is no basis to set aside the current named beneficiary of the life insurance contract and unless you come up with a better cause to interfere with the payment of the proceeds and that they would be compelled to pay the funds to the named beneficiaries.

This letter is to demand a cease and desist on your part to stop interfering with the payment of the life insurance proceeds and to demand that you notify the life insurance company that your client, Elizabeth Meadows, withdraws her claim against those proceeds.

Your letter of August 24, 2016 states that the insurance company representative told you that the funds would be interplead into the Federal Court or a state court in Shelby County, Tennessee. This letter is to inform you that my clients oppose the funds being interplead into the Court as there is no just action which would interfere with the payment to the beneficiaries. You have yet to justify with legal authority your basis for stating that the form is "void."

Any action brought against a life insurance company is to be brought through the Commissioner of Insurance and the proper venue is Davidson County, Tennessee. If you intend to bring any action regarding this policy, you must bring the action in Davidson County Chancery Court. However, I would suggest that you be prepared to support your complaint for relief with legal authority.

I have informed the insurance company, by way of the attached letter, that they should immediate release the funds to my escrow account. It is my position that the continued interference on your part will constitute the tort of intentional interference and I will advise my clients to seek damages against you and Ms. Elizabeth Meadows.

Please advise me in writing that you agree to cease and desist your continued interference in the processing of this claim by Monday, August 29, 2016 at 4 pm CST.

Sincerely,

Connie Reguli

S:\doc l-z\wade-m 6-01188\160825-letter ins - oc.docx

IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

ESTATE OF JEFFREY R. MEADOWS, SR.,
by and through the Administrator,
ELIZABETH L. MEADOWS

   Plaintiff,

           NO: CH- 16-1405-2x

AMERICAN NATIONAL LIFE
INSURANCE COMPANY,
SUSAN M. WADE, and
JEFFREY REID MEADOWS, JR.,

   Defendants.

---

## COMPLAINT FOR UNJUST ENRICHMENT AND EQUITABLE CLAIM FOR CREATION OF CONSTRUCTIVE TRUST

---

TO THE HONORABLE CHANCELLORS OF THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY:

  Plaintiff, Elizabeth L. Meadows as the Administrator of the Estate of Jeffrey R.

Meadows, Sr. respectfully submits the following complaint unjust enrichment and an equitable

claim for creation of a constructive trust against Defendants, Susan M. Wade, Jeffrey Reid

Meadows, Jr., and American National Life Insurance Company.

SHELBY COUNTY
CHANCERY COURT
AUG 29 2016
DONNA L. RUSSELL, C & M
TIME:   BY:

1



## PARTIES

1.     Plaintiff Elizabeth L. Meadows brings this action in her fiduciary capacity as the Administrator of the Estate of Jeffrey R. Meadows, Sr. ("Estate" or "Plaintiff"). Plaintiff was appointed on July 20, 2016 as the Administrator of the Estate of Jeffrey R. Meadows, Sr. by the Probate Court of Shelby County, Tennessee, Division I, under Docket No. PR-6546. Elizabeth L. Meadows is a Tennessee citizen who resides at 842 River Park Drive, Memphis, Shelby County, Tennessee 38103.

2.     Defendant Susan L. Wade ("Susan Wade") is a Tennessee citizen who resides at 802 Harrisburg Lane, Mt. Juliet, Wilson County, Tennessee 37122-4930.

3.     Defendant Jeffrey Reid Meadows, Jr. ("Reid Meadows") is a Tennessee citizen who resides at 8387 Drury Lane, Germantown, Shelby County, Tennessee 38139.

4.     Defendant American National Life Insurance Company ("American National") is a mutual insurance company organized pursuant to the laws of the State of Texas, and its principal place of business is located at One Moody Plaza, Galveston, Texas 77550, and who may be served with service of process through the Tennessee Commissioner of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243-0565.

2

## JURISDICTION AND VENUE

5.     The remedy sought by the Plaintiff is one of equitable relief, the creation of a constructive trust.

6.     The matter in controversy exceeds $25,000.00.

7.     As a result, Chancery Court has original subject matter jurisdiction over this civil action.

8.     The acts giving rise to the cause of action accrued in Shelby County, Tennessee.

9.     The Plaintiff, the Estate of Jeffrey R. Meadows, Sr., is being administered in the Probate Court of Shelby County, Tennessee; and, the Defendant Reid Meadows is a resident of Shelby County, Tennessee.

10.     As a result, venue of this action is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101 and 104.

## FACTUAL BACKGROUND

11.     Jeffrey R. Meadows, Sr. ("Decedent") and Elizabeth Landess Meadows ("Elizabeth Meadows") were married on May 24, 2001 in Memphis, Tennessee.

12.     On or about April 19, 2005, Decedent purchased a life insurance policy from American National Life Insurance Company in the amount of $250,000.00 ("American National Policy"). Copies of American National forms completed by Decedent are attached hereto as **Exhibit A**.

3

13. On or about May 19, 2005, the Decedent confirmed to American National that the "Estate of the Insured" was the beneficiary of the American National Policy. Copy of American National confirmation signed by Decedent is attached hereto as **Exhibit B**.

14. On September 25, 2006, Decedent filed a Complaint for Divorce against his wife, Elizabeth Meadows, in the Chancery Court of Shelby County, Tennessee. Copy of the Complaint for Divorce is attached hereto as **Exhibit C**.

15. On the same day the Complaint for Divorce was filed, September 25, 2006, the Chancery Court of Shelby County, Tennessee issued a mandatory injunction upon Decedent and Elizabeth Meadows pursuant to Tenn. Code Ann. § 36-4-106(d) ("Mandatory Injunction"), which read, in pertinent part:

> Each party is restrained and enjoined from voluntarily canceling, modifying, terminating, assigning, or allowing to lapse for non-payment of premiums, any insurance policy including, but not limited to life, health, disability, homeowners, renters and automobile, where such insurance policy provides coverage to either of the parties or the children, or that names either of the parties or the children as beneficiaries, without the consent of the other or an order of the Court. "Modifying" includes any change in beneficiary status.

A copy of the Notice to Parties of Mandatory Injunction Issued is attached hereto as **Exhibit D**.

16. On or about April 11, 2007, and while the divorce action was still pending, Decedent submitted a Change of Beneficiary form for the American National Policy to American National, changing the beneficiaries to Susan F. Meadows (Susan Wade) and Jeffrey R. Meadows, Jr. (Reid Meadows), each as a 50% primary beneficiary. Copy of Change of Beneficiary form is attached hereto as **Exhibit E**.

4

17.     Decedent did not consult or receive consent from Elizabeth Meadows, or procure an order from the divorce court before changing the beneficiary of the American National Policy in April of 2007.

18.     The Complaint for Divorce was dismissed by the Chancery Court of Shelby County, Tennessee, on February 9, 2012.

19.     Decedent died on May 13, 2016, a resident of Shelby County, Tennessee.

## EQUITABLE CLAIM FOR CREATION OF CONSTRUCTIVE TRUST

20.     Plaintiff reiterates and relies upon Paragraphs 1 through 19 as set out herein and incorporates the same by reference.

21.     Upon issuance of the Mandatory Injunction on September 25, 2006, by the Chancery Court of Shelby County (the "divorce court") the Decedent and his wife, Elizabeth Meadows, were prohibited from changing the beneficiary of any life insurance policy they owned that would benefit their spouse and/or children.

22.     Tennessee courts hold that a divorce decree mandating an individual to be listed as a beneficiary of a life insurance policy existing at the time of the decree vests in that party an equitable interest in the designated policy. *See e.g. Goodrich v. Massachusetts Mut. Life Ins. Co.*, 34 Tenn. App. 516, 240 S.W.2d 263 (Tenn. Ct. App. 1951); *Herrington v. Boatright*, 633 S.W.2d 781 (Tenn. Ct. App. 1982).

23.     Tennessee law has extended that finding by holding that a Mandatory Injunction under Tenn. Code Ann. § 36-4-106(d) is the functional equivalent of a final court order and

5

divorce decree and vests in that party an equitable interest in the designated policy. *Brake v. Metro. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 64044, *17 (M.D. Tenn. June 25, 2010).

24.     As the beneficiary of the American National Policy on September 25, 2006, the interest of the Estate in the American National Policy became a vested interest, subject to later modification by the divorce court.

25.     By changing the beneficiary of the American National Policy after the issuance of the Mandatory Injunction, without consent of his spouse or an order from the divorce court, Decedent violated the injunctive order of the Chancery Court of Shelby County, and the result was that the Estate was deprived of that vested interest in the American National Policy.

26.     Tennessee law holds that the deprivation of a vested interest by the violation of a mandatory injunction imposed under Tenn. Code Ann. § 36-4-106(d) is a breach of a court's order. This breach is sufficient to justify imposing a constructive trust on the benefits of a life insurance policy. *Brake v. Metro. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 64044, *17 (M.D. Tenn. June 25, 2010).

27.     While Defendants Ms. Wade and Reid Meadows are not believed to have perpetrated any wrongful act as to the change of beneficiaries by the Decedent, nonetheless, they would be unjustly enriched if permitted to take equally in the American National Policy because their claims that they are equal 50% beneficiaries are derived from the Decedent's violation of a Court Order.

28.     Decedent's violation of the the Mandatory Injunction justifies the imposition of a construction trust on the proceeds of the American National Policy for the benefit of the Estate of Jeffrey R. Meadows, Sr.

6

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Elizabeth L. Meadows, as the Administrator of the Estate of Jeffrey R. Meadows, Sr., prays as follows:

1.     Service of process issue upon Defendants Susan M. Wade, Jeffrey Reid Meadows, Jr., and American National Life Insurance Company and that they be required to answer;

2.     A constructive trust be imposed on the proceeds of the American National Life Insurance Policy on the life of Jeffrey R. Meadows, Sr. and that the proceeds, plus any accrued interest, be conveyed to the Administrator of the Estate of Jeffrey R. Meadows, Sr., for distribution pursuant to the laws of the State of Tennessee and the order of the Probate Court of Shelby County, Tennessee;

3.     An award to the Administrator of Estate of Jeffrey R. Meadows, Sr., to be paid out of the American National Policy benefits for all reasonable attorney's fees, costs and expenses incurred by the Estate of Jeffrey R. Meadows, Sr., in this action; and

4.     Grant such and further relief as the Court deems just and proper.

Respectfully Submitted,

Lynn W. Thompson          # 24195
APPERSON CRUMP PLC
6070 Poplar Avenue, Suite 600
Memphis, Tennessee 38119
Telephone: (901) 756-6300

*Counsel for Plaintiff*
*Elizabeth Meadows as Administrator of the*
*Estate of Jeffrey R. Meadows, Sr.*

7

**CERTIFIED MAIL®**

APPERSON CRUMP PLC
6070 Poplar Avenue
Suite 600
Memphis, TN 38119-3954

MEMPHIS
TN 380
03 AUG '16
PM 4 L

**Hasler**
08/03/2016
**US POSTAGE** $06.46⁵



FIRST-CLASS MAIL

ZIP 38119
011D11631704

9414 7266 9904 2042 5047 49

RETURN RECEIPT REQUESTED

American National Insurance Co.
Life Insurance and Annuity Claims Division
1949 East Sunshine St.
Springfield, MO 65808

RECEIVED
1 J 2016
LIFE CLAIMS

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT